UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Hon. Joseph H. Rodriguez |
| | : | |
| v. | : | Criminal No. 05-586 |
| | : | |
| TYSHARNE BURKE, | : | |
| | : | |

# **OPINION**

This matter is presently before the Court on "Motion 3582 For The Judge To Set The Payment Plan" by defendant Tysharne Burke, filed on June 2, 2011. The Government now moves to dismiss Mr. Burke's motion for lack of jurisdiction, and, alternatively, for lack of merit. The Court has considered the submissions of the parties, and, for the reasons that follow, will dismiss the motion.

## **I. Background**

On August 2, 2005, Defendant Tysharne Burke entered a plea of guilty to a one count information charging a violation of 18 U.S.C. § 2113(a) and 2. During the plea hearing, the Defendant admitted that he committed bank robbery on or about September 1, 2004, and that he employed force, violence, and intimidation to carry out the robbery. On December 21, 2005, this Court sentenced Defendant Tysharne Burke to a term of imprisonment of 130 months to be followed by a term of supervised release of three years. The Court also ordered restitution, in the amounts of $100,000.00 payable to Roma Bank and $44,015.28 payable to Chubb Group of Insurance Companies, be due "immediately." See Judgment entered December 21, 2005.

The Restitution Order stated that "It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility program. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement." Id. Burke never directly appealed his sentence.

Burke argues that the Court's Restitution Order runs afoul of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. He contends that the Court failed to specify the proper payment schedule for the imposed fine and that the Court "abdicated its judicial responsibilities" by permitting the Bureau of Prisons to determine the amount and manner of Burke's contributions to his restitution during his confinement. Burke contends that this is plain error and asks that the collection of his fines ceases. He moves under § 3582.

## II. Facts

Defendant is currently incarcerated at the United States Federal Penitentiary in Lompoc, California. Since his incarceration, the Government states that he has made restitution payments totaling $1269.36. It is unclear from the submissions whether Burke is currently participating in the Inmate Financial Responsibility Program's ("IFRP"); Burke does not indicate that he is and the Government claims that he has not made a restitution payment since October 2010.[1] However, the Court will assume he is

---

[1] Neither Burke nor the Government provided an accounting of Burke's restitution contributions to the Court in connection with this motion. For his part, Burke, in a handwritten portion of his memorandum in support of his motion, asks the court to "keep in mind that [he] is in an overcrowded institution [with] over 200 to 300 inmates without jobs." Petitioner Motion at

participating since he seeks to preclude the Bureau of Prisons from collecting any restitution.

The present motion is not the first time that Burke has challenged the payment of his restitution. On February 17, 2009, he filed a motion titled "EX PARTE MOTION to modify/reduce conditions and Decree and Order placing Petitioner on 'Exempt Temp IFR' pursuant to 18 U.S.C. § 3624(k) and 18 U.S.C. § 3582." See Dkt. No. 23. That motion was denied. See Dkt. No. 24. Now, it appears that Burke is again asking for similar relief and moves to compel the Court to set a payment plan for the collection of the restitution during his confinement.

Burke argues that the Court's Restitution Order runs afoul of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Burke contends that the Court failed to specify the proper payment schedule for the imposed fine and that the Court "abdicated its judicial responsibilities" by permitting the Bureau of Prisons to determine the amount and manner of Burke's contributions to his restitution during his confinement. Burke contends that this is plain error and asks that the collection of his fines ceases. He moves under § 3582.

### III. Standard of Review

The Court recognizes that Burke is proceeding in this matter pro se and, therefore, will construe his motion liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976);

---

3. He concludes by asking the Court "to either let [him] pay [his] restitution upon release or set a payment plan thats not an (sic) hardship on [him] while [he is confined]." Id. Burke does not indicate an amount he is currently paying or an amount that he considers to be burdensome.

3

Haines v. Kerner, 404 U.S. 519, 520 (1972). Liberal construction of Burke's motion compels the conclusion that he has moved under the wrong statute. Burke appears to be challenging both the manner in which the sentenced was imposed by the Court and the execution of that sentence. First, Burke argues that the Court's sentence runs afoul of the Mandatory Victims Restitution Act, (MVRA) because the Court abdicated its non-delegable duty to establish payment schedule of the fines, 18 U.S.C. § 3664(f)(2) and/or that it failed to set forth a payment scheme for the time that Burke is confined, in violation of 18 U.S.C. § 3572(d)(1). Second, Burke seems to challenge the ability of the Inmate Financial Responsibility Program's ("IFRP") to collect Restitution.

Challenges to the restitution order must be made on direct appeal. Duronio v. Werlinger, 2011 WL 6188707, *2 (3d Cir. Dec. 14, 2011). A Petition pursuant to §2241 "cannot be used to challenge just the restitution part of a sentence when the custody supporting ... jurisdiction is actual imprisonment." Arnaiz v. Warden, 594 F.3d 1326, 1330 (11th Cir.2010). However, challenges to payments required by the IFRP may be brought pursuant to 28 U.S.C. § 2241.[2]

### IV. Analysis

Burke's first argument is both procedurally defaulted and without merit. The MVRA provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately unless ... the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). In addition,

---

[2] As a result, § 3582, under which Burke moves, fails to confer jurisdiction. That section deals with the imposition of sentence and the modification of a sentence under very limited circumstances, none of which are present here. See 18 U.S.C. § 3582(c). Given Burke's pro se status, the Court will construe his motion under both § 3572(c) and § 2241.

the sentencing order must also include a payment schedule which takes into account the defendant's financial. See 18 U.S.C. § 3664(f)(2) (the court shall "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid"); see also United States v. Coates, 178 F.3d 681, 684 (1999).

Burke never directly challenged his sentence on appeal and he, therefore, defaulted this claim because the final order of restitution is uncontested and valid. See Balter v. Martinez, 10-3659, 2012 WL 82216 (D.N.J. Jan. 10, 2012) (citing Mbengo v. Millward, 2008 WL 2850184 at *13-14 (W.D.Pa. July 23, 2008). In addition, even if Burke's claim was not procedurally defaulted, the Court specified that payment was due "immediately" and that participation in the IFRP was "recommend[ed]." See Judgment. Moreover, the omission of a payment schedule applicable to the period of confinement is not tantamount to abdication of the Court's non-delegable authority to set such a schedule. See Balter, 10-3659, 2012 WL 82216, at * 4 (citing United States v. Sawyer, 521 F.3d 792, 794–95 (7th Cir. 2008) (sentencing court did not have formulate schedule of restitution payments during incarceration where sentencing court comported with the MVRA by setting a payment schedule to begin after release.) As a result, Burke's challenge to the validity of his sentence is both procedurally defaulted and substantively without merit.

As to Burke's challenge to the Bureau of Prison's ability to collect contributions to Restitution, the Court lacks jurisdiction over this claim. "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485–486 (3d Cir.2001). The petition must be filed in the district where the

petitioner's sentence is being carried out. McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); see also Duronio, 2011 WL 6188707, at *2. Because Burke is incarcerated in Lompoc California, Burke must move in the Western Division of the Central District of California.

In addition to the jurisdictional deficiency, Burke's challenge to the execution of his sentence is without merit. The Court notes that Burke has not alleged that he is participating in IFRP or that the warden is still collecting funds. Indeed, if the Government is correct, Burke has not made a contribution since October of 2010. Moreover, since the Court did not compel Burke's participation in IFRP, any claim regarding payment is defaulted. See Duronio v. Werlinger, 2011 WL 6288707 (3d Cir. 2011). And to the extent that payment is being collected from Burke, it constitutes a proper exercise of authority by the Warden to collect a legal debt. See Mbengo, 2008 WL 2850184 at *13-14 (restitution is a legal debt that the Bureau of prisons may collect under its independent statutory authority under the IFRP.) As a result, Burke's claim is without merit and his Petition will be dismissed.

An appropriate Order accompanies this Opinion.

Dated: February 14, 2012.

    /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge